CARROLL.

HALE v. BROWN & a.

An attachment, made more than four months before the commencement of bankruptcy proceedings, but expressly limited to securing a workman's lien, is not a foundation for a judgment *in rem* for a debt which is not a lien.

The finding of a referee, appointed in a suit at law, by the court, with the consent of parties, under the act of 1876, that a certain judgment should

be rendered, is immaterial, when, upon his report of all the facts, such judgment would not be according to law.

ASSUMPSIT, to recover a balance due for drawing timber. The defendants pleaded a discharge in bankruptcy; to which the plaintiff replied that he had an attachment, made more than four months prior to the commencement of bankruptcy proceedings. Facts found by a referee, appointed by the court, with the consent of parties, under the act of 1876.

The attachment was specially limited to securing and preserving the plaintiff's lien, and was made more than four months before the commencement of proceedings in bankruptcy. The defendants duly received their discharge in bankruptcy.

The plaintiff had a lien on part of the property attached to the amount of $135, and there was due him from the defendants $1011.38 in addition, both of which amounts were included in the declaration. The referee reported that the plaintiff should have judgment against the property attached for both sums: the court so ordered, and the defendants excepted.

*Worcester & Gafney*, for the defendants.

*Eastman, Copeland*, and *J. H. Hobbs*, for the plaintiff.

STANLEY, J. When the defendants were adjudged bankrupts, the title to the property attached vested in the assignee, in trust for all their creditors, subject to any valid lien thereon. U. S. Rev. St., *ss.* 5044, 5045, 5046.

When bankruptcy proceedings were commenced by the defendants, the property in question was subject only to the special attachment made to secure the plaintiff's lien. He had no other claim upon it. His attachment was, in terms, restricted to security for the lien upon it. This being the case, the judgment cannot include other claims. *Laighton* v. *Lord*, 29 N. H. 237; *Clough* v. *Monroe*, 34 N. H. 391; *Smith* v. *Brown*, 14 N. H. 67.

The plaintiff claims that he is entitled to judgment for the full amount of his claim, because the referee has so awarded. The referee was appointed by the court, by consent of parties, under *c.* 35, *s.* 1, Laws of 1876, which requires the referee, in a suit at law, to proceed according to the rules of law, unless the parties otherwise agree, and to state in his report, specifically, his rulings upon all questions of law and all matters of fact found by him proved, if either party shall so request. In such cases, when the parties have not agreed to be bound by his decision of any question of law, his finding that a certain judgment should be rendered is immaterial. It is for the court, upon his finding of all the facts, to render such judgment as is warranted by the rules of law.

*Exceptions sustained.*

CLARK, J., did not sit.